Downtown Properties, Inc., A Corporation v. Commissioner.
Downtown Props., Inc. v. Commissioner
Docket No. 41406.
United States Tax Court
1953 Tax Ct. Memo LEXIS 57; 12 T.C.M. (CCH) 1309; T.C.M. (RIA) 53364; November 16, 1953
*57 On October 4, 1949, petitioner sold and exchanged a building which it owned in the City of Birmingham, Alabama, to the Southern Natural Gas Company for a cash consideration, the assumption by the purchaser of a mortgage against the Watts Building and the conveyance to petitioner of a parcel of real estate located in downtown Birmingham known as the Old Court House site. Petitioner in returning its capital gain from the transaction valued the Old Court House lot when received at $425,000. The Commissioner has increased that value to $525,000 and has determined a deficiency. Held, the fair market value of the Old Court House lot at the time it was conveyed to petitioner was $525,000, as the Commissioner has determined. Winston B. McCall, Esq., and William S. Pritchard, Esq., 831 Frank Nelson Building, Birmingham, Ala., for the petitioner. S. Jarvin Levison, Esq., for the respondent. BLACK Memorandum findings of fact and opinion The Commissioner has determined a deficiency in petitioner's income tax for the fiscal year ending May 31, 1950 of $25,000. The deficiency is due to the addition to the income reported on petitioner's return of "(a) Capital gain, $100,000." *58 The adjustment is explained in the deficiency notice as follows: "(a) It is held that the fair market value of the west half of block 75 * * * at October 4, 1949 was $525,000.00, and that this value should be used in determining the gain realized in the exchange of the Watts Building for this property and other considerations on that date. Inasmuch as you used the amount of $425,000.00 as the value of this property in determining the gain realized in this transaction, the gain realized has been increased in the amount of $100,000.00." The petitioner by appropriate assignments of error attacks the correctness of the determination of the Commissioner. Findings of fact Petitioner is a corporation duly organized and existing under the laws of the State of Alabama, with its principal place of business in the City of Birmingham, Alabama. Petitioner's income tax return for the fiscal year ended May 31, 1950 was filed with the collector of internal revenue for the district of Alabama. The Old Court House lot, more particularly described as the West one-half of Block 75, of the Survey of Elyton Land Company of the City of Birmingham, Alabama, is an unimproved lot, used primarily for *59 the parking of automobiles, located of 21st Street between Third and Fourth Avenues, North, in the City of Birmingham, Alabama. It contains a total of 60,000 square feet of ground. Immediately adjacent to the property on the east is property on which is located the St. Paul's Church and School. This property was transferred to petitioner by Southern Natural Gas Company in exchange, with other considerations, for the property known as the Watts Building, located in Birmingham, Alabama. This transfer and exchange took place on October 4, 1949. On this exchange, the taxpayer reported on his income tax return a capital gain of $365,866.83. The Commissioner determined that the capital gain realized on this transfer and exchange was the sum of $465,866.83. The foregoing determination of the Commissioner was based on his finding and conclusion that the said property, West one-half of Block 75, Elyton, aforesaid, had a fair market value of $525,000 on October 4, 1949. Taxpayer's books and return showed a fair market value on the above property at the foregoing date of $425,000. The Watts Building owned by petitioner for a number of months prior to the date of the sale and exchange was *60 listed on the market with brokers in the City of Birmingham for sale at the price of $1,100,000. Thereafter petitioner entered into an agreement with Southern Natural Gas Company sometimes referred to hereafter as the Gas Co., for the sale and exchange of the Watts Building and received from the Gas Co. as consideration therefor the following; cash, $53,500, Mortgage on Watts Building, assumed by purchaser, $640,500, and a deed to the Old Court House lot, Birmingham, Alabama. The parties to the exchange did not place a value on the Old Court House site for purposes of the exchange. The commission paid by petitioner to the real estate broker for handling and closing the sale was $33,000, three per cent of $1,100,000. The Old Court House site is located within one block of five office buildings and within two blocks of the principal retail district of Birmingham. It was and is a unique piece of unimproved property as there is no other unimproved property of similar proportions as near to the center of the business section. The square block where the Old Court House site is situated is the only block in downtown Birmingham which is not divided in half by an alley. The property in *61 question, the Old Court House site, was appraised for the Jefferson County Commission on March 8, 1945 by a committee of three appraisers from the Birmingham Real Estate Board who were employed for that purpose. This committee apraised the fair market value of the property on that date at $475,000. On or about January 29, 1946 the Gas Co. purchased the Old Court House site for $525,000 from Jefferson County, Alabama. This was an arm's length transaction. On June 7, 1948 the Gas Co. as lessor and Hendon and Company, Inc., as lessee (hereinafter referred to as Hendon) executed a lease on the Old Court House site. Hendon had leased the property for a number of years previously. The lease was for a term of ten years running from October 1, 1948 to September 30, 1958 with the right of the Gas Co. to terminate the lease upon six months notice for any reason except for the purpose of leasing the property to others for parking lot purposes. The lease provided that the premises were to be used only for a parking lot and allied activities and also the lease provided for a minimum rental of $33,000 per year plus additional rent based on percentages of the gross incomes from parking, gasoline *62 sales and allied services. Values of improved and unimproved real estate in downtown Birmingham were increasing from 1945 through at least 1952. The fair market value of the Old Court House site on October 4, 1949 was $525,000. Opinion BLACK, Judge: The only issue we have to decide in this proceeding is as to the fair market value of the Old Court House lot in the City of Birmingham, Alabama, on October 4, 1949. This is the date when petitioner acquired the lot in an exchange which it made with the Gas Co. of its Watts Building for the lot, some cash and the assumption by the purchaser of a mortgage on the Watts Building. Petitioner in its income tax return for its fiscal year ended May 31, 1950 reported a capital gain on the transaction of $365,866.83. In arriving at its gain, petitioner valued the Old Court House site which it had acquired in the exchange at $425,000. Respondent in his determination of the deficiency has increased that valuation to $525,000, thereby increasing petitioner's capital gain on the transaction by $100,000. Each side introduced the testimony of expert witnesses to support his valuation. We shall not discuss in detail the testimony of these several *63 expert witnesses. Suffice it to say that we have carefully considered it, as well as all other testimony in the record in arriving at our valuation of $525,000 on the basic date, October 4, 1949. A committee of three appraisers from the Real Estate Board of Birmingham appraised the property on or about March 8, 1945 for the Jefferson County Commission. This committee was composed of Leo Mandell, Jerome Tucker and Frank B. Clark. The value which they placed on the property on that date was $475,000. That this valuation was conservative is attested to by the fact that in somewhat less than a year, namely, on January 29, 1946, the property was purchased from the City of Birmingham by the Gas Co. for $525,000. That this was an arm's length transaction has been thoroughly demonstrated to our satisfaction by C. Vandenberg in his testimony at the Hearing. Vandenberg is Chairman of the Board of the Gas Co. and in his testimony he went into the details of the purchase which his company made of the property. The upshot of his testimony is that the Gas Co. paid $525,000 for the property because they considered the property was worth that much at the time they purchased it. The date of this *64 purchase was, as we have already stated, January 29, 1946. There is no evidence in the record which would convince us that the property decreased in value from the time it was purchased by the Gas Co. to the time it was exchanged in part by the Gas Co. to petitioner for the Watts Building. That date was October 4, 1949. The evidence at the Hearing was to the effect that property values in Birmingham during the time between when the Gas Co. purchased it and the time when they conveyed it to petitioner were increasing rather than decreasing. We are well convinced from our review of all the testimony in the record, that the Old Court House site had a fair market value on October 4, 1949 of at least $525,000. The Commissioner's determination is, therefore, sustained. Decision will be entered for the respondent.